UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALL PRO SPORTS ENTERTAINMENT, INC., ("APSE")
and C. LAMONT SMITH,                                    Case No.:

                Plaintiffs,
  -against-                                              COMPLAINT

STEALTH VENTURES, LLC,                                  DEMAND FOR JURY TRIAL

                Defendant.
------------------------------------------------------------------X

      All Pro Sports and Entertainment, Inc. "(APSE") and C. LAMONT SMITH collectively "Smith Group" (hereinafter "Plaintiff") by and through his attorney, Rudyard F. Whyte, alleges upon knowledge to himself and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

      1.    This is a civil action for breach of contract arising out of Stealth Ventures, Inc. (hereinafter "Defendant") breach of the financial payment terms and conditions contained in a written agreement entered into between, *inter alia*, Defendant and Plaintiff on or about December 5, 2014 (hereinafter the "Contract").

      2.    Pursuant to the Contract, Defendant was required to make certain financial payments to Plaintiff; provided that Plaintiff met his obligations under the Contract.

      3.    Plaintiff fulfilled his obligations required by the Contract and seeks payment of the monies due and owing to him under the Contract from Defendant.

      4.    Defendant breached the terms and conditions of the Contract by refusing and/or failing to make full payment of the monies due and owing to Plaintiff under the Contract, despite Plaintiff's repeated demands that it do so.

5. Plaintiff is entitled to all legal and financial relief, as requested herein, to remedy Defendant's breach of the Contract.

## JURISDICTION AND VENUE

6. Plaintiff is a citizen of the state of Colorado for purposes of diversity jurisdiction under 28 U.S.C. §1332.

7. Defendant is a limited liability company organized and existing under the laws of the state of New York for purposes of diversity jurisdiction under 28 U.S.C. §1332.

8. This Court has original subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. §1332(a)(1) as there exists complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendant because Defendant: (i) is a legal entity organized and existing under the laws of the state of New York; (ii) solicits, transacts and conducts business in the State of New York and in this District and is regularly doing or soliciting business or engaging in a persistent course of conduct in this State and in this District; (iii) receives substantial revenue from the State of New York; and (iv) committed the acts giving rise to the Plaintiff's action in the state of New York; and (v) expects, or reasonably should expect, its conduct to have consequences in the state of New York.

10. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred in this District.

## PARTIES

11. Plaintiff is a well-known sports agent in the business of acquiring athletes and representing them by negotiating players' contracts and marketing said players.

12. Upon information and belief, Defendant is a limited liability company duly organized and existing under the laws of the state of New York with its principal place of business at 295 Madison Avenue, 42nd Floor, New York, NY 10017. Upon information and belief, Defendant furnishes, and at all times relevant herein provided the required services of being ready, willing and able to negotiate any and all contracts presented under said agreement.

13. That Christopher Aden is the founder and principal of Stealth Ventures, LLC with a business address at 295 Madison Avenue, New York, NY 10017.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. Upon information and belief, on or about December 5, 2014, the parties entered into a mutually agreeable agreement ("Letter Agreement") concerning the relationship between Stealth and the Smith Group for Smith to serve as a Senior Contract Advisor for Stealth's football practice which was to involve Smith assisting and recruiting, negotiating players contracts and providing guidance to members of Stealth's football practice.

15. Upon information and belief the "Letter Agreement" provided that Stealth shall pay or cause to be paid the following amounts: (a) Nine thousand dollars ($9,000) per month to All Pro Sports Entertainment during the period commencing on December 15, 2014 and ending on December 15, 2015 and; (b) Fifteen thousand ($15,000) per month to All Pro Sports Entertainment during the period commencing on December 15, 2015 and ending on January 30, 2016 unless otherwise extended.

16. Upon information and belief the amounts set forth shall be unconditionally guaranteed to All Pro Sports Entertainment during the applicable periods set forth.

17. Upon information and belief the defendant provided said payments for the months of December 2014 through June, 2015.

18. Upon information and belief the plaintiffs have not received any payments since June 30, 2015 despite numerous communications between Plaintiffs and Defendants.

19. Despite repeated demands for payment by plaintiff, defendant has refused and/or failed to make payments of the contractual payments to plaintiff.  As a result, Defendant has breached the terms and conditions of the Contract requiring Defendant to Make such payments to plaintiff.

## CAUSE OF ACTION

### COUNT 1
### BREACH OF CONTRACT

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

21. The Contract is a valid and enforceable agreement.

22. Defendant breached the terms and conditions of the Contract by refusing and/or failing to make payment of the Contractual Payments due and owing to Plaintiff, despite Plaintiff's repeated demands that it do so.

23. Defendant's breach of Contract was willful.

24. Plaintiff has demanded that Defendant make full payments of the Contractual Payments due and owing to Plaintiff, but Defendant has refused and/or failed to make said payment.

25. As a direct and proximate result of Defendant's breach of Contract, Plaintiff has been damaged in a sum equal to his expectation damages under the Contract and is entitled to recover full payments of the Contractual Payments due under the Contract in addition to prejudgment interest at an annual rate of 9%, calculated from the date of Defendant's breach.

26. Plaintiff's exact amount of contractual damages will be determined at trial, but are in no event less than $135,000 (One Hundred Thirty-Five Thousand Dollars).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays to the court for a judgment against the Defendant:

A. Awarding Plaintiff his contractual damages, on his breach of contract claim against Defendant, together with prejudgment interest at an annual rate of 9%, in an amount to be determined at trial, but in no event less than $135,000.00 (One Hundred Thirty-Five Thousand Dollars);

B. Awarding Plaintiff's reasonable attorneys' fees, costs and expenses relating to this action; and

C. Awarding such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 19, 2015

Respectfully submitted,

_____
RUDYARD F. WHYTE (RFW 3751)
*Attorney for the Plaintiffs*
55 Broadway, 23rd Floor
New York, NY 10006
(212) 553-9145

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK  )
                            ).SS:
COUNTY OF NEW YORK )

I, the undersigned, am an attorney admitted to practice in the Courts of the State of New York, and say that:

I am the attorney for the plaintiffs herein. I have read the annexed COMPLAINT and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: investigation, interviews with client, records, reports, documents, correspondence, data, memoranda, etc., contained in the file.

The reason I make this verification instead of plaintiff, is that the plaintiff reside out of the County of New York, wherein I maintain my offices.

I affirm that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
       November 19, 2015

                                                      RUDYARD F. WHYTE